**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NETWORK ARCHITECTURE INNOVATIONS LLC,<br><br>              Plaintiff,<br><br>v.<br><br>WEBPOWER, INC.<br><br>              Defendant. | **Civil Action No. _____**<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Network Architecture Innovations LLC ("NAI" or "Plaintiff"), for its Complaint against Defendant WebPower, Inc. ("WebPower" or "Defendant"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff Network Architecture Innovations LLC is a limited liability company organized under the laws of the State of Texas with a place of business at 815 Brazos Street. Suite 500, Austin, TX 78701.

3. Upon information and belief, WebPower is a corporation organized and existing under the laws of the State of Florida, with a place of business at 7121 Fairway Drive, Suite 400, Palm Beach Gardens, FL 33418, and can be served through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.  Upon information and belief, WebPower sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the stream of commerce

and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b). On information and belief, Defendant conducts business in this District, the claims alleged in this Complaint arise in this District, and the acts of infringement have taken place and are continuing to take place in this District.

7. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long Arm Statute because Defendant purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because Defendant regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5, 974,451

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On April 8, 2003, United States Patent No. 5,974,451 ("the '451 patent") entitled "System and Method for Distributing Bulletins to External Computers Accessing Wide Area Computer Networks," was duly and legally issued by the United States Patent and Trademark

Office.  A true and correct copy of the '451 patent is attached hereto as Exhibit 1.  Plaintiff is the exclusive licensee to the '451 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.  On January 15, 2004, all right, title, and interest in and to the '451 patent was assigned to Falk Brauener, an individual residing in Germany.  On January 23, 2015 Brauener granted to Empire IP LLC, a limited liability company organized and existing under the laws of the State of Texas, a worldwide exclusive license in and to the '451 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it as well as the right to transfer or otherwise assign its interest in the '451 patent.  On June 5, 2015, Empire IP assigned its interest in and to the '451 patent to Plaintiff NAI, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.  By way of such assignment, Plaintiff is the exclusive licensee to the '451 patent and possesses all rights of recovery under the '451 patent, including the exclusive right to sue for infringement and recover past damages.

10. The inventions of the '451 patent resolve technical problems related to delivery of computerized advertisements and other types of informative bulletins to viewers of streaming media.  For example, the inventions allow a party to deliver advertisements and/or other bulletins related to the content of streaming media to a viewer of such streaming media.

11. The claims of the '451 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '451 patent recite one or more inventive concepts that are rooted in computerized media content delivery technology, and overcome problems specifically arising in the realm of computerized media content delivery technologies.

12.     The claims of the '451 patent recite an invention that is not merely the routine or conventional use of content delivery networks.  Instead, the invention specifies how advertisements and other bulletins can be appended to information being relayed from wide area networks to external computers.  The '451 patent claims thus specify how streaming data is manipulated to yield a desired result.

13.     The technology claimed in the '451 patent does not preempt all ways of using media content delivery networks nor preempt the use of all media content delivery networks nor preempt any other well-known or prior art technology.

14.     Accordingly, each claim of the '451 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

15.     Upon information and belief, each Defendant has and continues to directly infringe at least claims 1 and 5 of the '451 patent by making, using, selling, importing and/or providing and causing to be used a network access system for appending advertisements and other bulletins to information relayed between a wide area computer network and an external computer (the "Accused Instrumentalities").

16.     In particular, claim 1 of the '451 patent recites a network access system for relaying information between a wider area network and an external computer and for distributing a bulletin to the external computer comprising a first interface to couple the network access system to and receive information from the wide area computer network; a second interface to couple the network access system to the external computer to transmit the information and bulletin to the external computer; a local storage device to store the bulletin; and a bulletin server

that retrieves the bulletin from the local storage device and transmits the bulletin with the information received by the first interface and transmitted by the second interface.

17. On information and belief, the Accused Instrumentalities infringe claim 1 of the '451 patent. *See, e.g.*, http://www.ifriends.net;

http://www.ifriends.net/userurl_membrg2/livehosts/all-cam-girls/live-now/;

http://www.ifriends.net/userurl_membrg/live/?psource=lbgrid_altimg10_v2&pclub=NORANOIR.

18. Claim 5 of the '451 patent recites a bulletin server for attaching a bulletin to information relayed from a wide area computer network to an external computer comprising storage for the bulletin; attachment logic that retrieves a bulletin from the storage and attaches the bulletin to the information being relayed to the external computer.

19. On information and belief, the Accused Instrumentalities infringe claim 5 of the '451 patent. *See, e.g.*, http://www.ifriends.net;

http://www.ifriends.net/userurl_membrg2/livehosts/all-cam-girls/live-now/;

http://www.ifriends.net/userurl_membrg/live/?psource=lbgrid_altimg10_v2&pclub=NORANOIR.

20. On information and belief, these Accused Instrumentalities are used marketed, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

21. Defendant was made aware of the '451 patent and its infringement thereof at least as early as the filing of this Complaint

22. Upon information and belief, since at least the time each Defendant received notice, each Defendant has induced and continues to induce others to infringe at least one claim

of the '451 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to each of Defendant's partners, clients, customers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '451 patent.

23. In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '451 patent and knowledge that its acts were inducing infringement of the '451 patent since at least the date Defendant received notice that such activities infringed the '451 patent.

24. Upon information and belief, Defendant is liable as a contributory infringer of the '451 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized trading platforms to be especially made or adapted for use in an infringement of the '451 patent. The Accused Instrumentalities are a material component for use in practicing the '451 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

25. On information and belief, since the filing of the Complaint, Defendant's infringement has been willful.

26. Plaintiff has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A. An adjudication that each Defendant has infringed the '451 patent;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '451 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: August 16, 2016     DEVLIN LAW FIRM LLC

*/s/ Robert Kiddie*
Robert Kiddie
Texas Bar No. 24060092
rkiddie@devlinlawfirm.com
Timothy Devlin (*pro hac vice* to be filed)
Delaware Bar No. 4241
tdevlin@devlinlawfirm.com
1306 N. Broom Street, 1st Floor
Wilmington, Delaware 19801
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff NETWORK ARCHITECTURE INNOVATIONS LLC*